## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONNA TURKOS,** | : | **No. 3:14cv2243** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **DUPONT BOROUGH,** | : | |
| **JASON KWIATKOWSKI and** | : | |
| **JOHN SARANCHUK,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the court for disposition are two motions to dismiss Plaintiff Donna Turkos' complaint.  Defendant Jason Kwiatkowski filed one motion to dismiss and Defendant Dupont Borough (hereinafter "Dupont" or "the Borough") filed the other.  The motions are fully briefed and ripe for disposition.

**Background**

Plaintiff Donna Turkos and her ex-husband David Turkos, a Dupont Borough Police Officer, have an acrimonious relationship history.  (See Doc. 1, Compl., generally).  Plaintiff has obtained several Protection From Abuse Orders (hereinafter "PFA") against her ex-husband.  (Id. ¶ 11).

In 2008-2009, plaintiff attempted to enforce a PFA against David Turkos.  (Id.)  The police, however, allegedly refused to investigate because he worked on the police force.  (Id. ¶ ¶ 13-47).  In fact, the police

charged plaintiff with false reports, disorderly conduct and harassment. (Id. ¶ 42).  Plaintiff disputed these charges, and a Pennsylvania Magisterial District Judge dismissed all charged against the plaintiff at the preliminary hearing.  (Id. ¶ 45).  Plaintiff then instituted a civil rights action against Dupont, its police chief, police officer John Saranchuk and David Turkos. (Id. ¶ 48).  The lawsuit eventually settled.  (Id. ¶¶ 49-50).

Subsequent to the settlement of the initial lawsuit, plaintiff again sought to enforce a PFA against David Turkos.  (Id. ¶ 58).  Again, the police did not enforce the PFA and instead filed charges against the plaintiff.  (Id. 59).  Evidently, the PFA that plaintiff had tried to enforce had expired by the time she tried to invoke its protections although she had been provided evidence that it remained in effect. (Id. ¶ 63).  Thus, because plaintiff had tried to enforce an expired PFA, Defendant Kwiatkowski, a police officer with the Dupont Borough Police Department, charged her with: 1) Tampering With Public Records or Information, 18 PA. CONS. STAT. ANN. § 4911(a)(2); False Reports to Law Enforcement Authorities, 18 PA. CONS. STAT. ANN. § 4906(a); and Unsworn Falsification to Authorities, 18 PA. CONS. STAT. ANN.  § 4904(a)(1).  (Id. ¶ 60).

At the preliminary hearing, Magisterial District Judge Andrew Barilla

dismissed all of the charges against plaintiff.  (Id. ¶ 70).  Plaintiff then

instituted the instant case by filing a four-count complaint.  The causes of

action found in the complaint include: Count One - Deprivation of plaintiff's

First Amendment free speech rights brought pursuant to 42 U.S.C. § 1983;

Count Two - Malicious prosecution, under Pennsylvania state law; Count

Three - Unconstitutional policies and/or customs of Defendant Dupont

brought pursuant to 42 U.S.C. § 1983; Count Four - Abuse of process,

under Pennsylvania state law.   (Id. ¶¶ 74-91).  Plaintiff seeks

compensatory damages, punitive damages, attorney's fees and costs.

After service of the complaint, Defendant Saranchuk filed an answer.

Defendants Kwiatkowski and Dupont filed motions to dismiss.  The motions

have been fully briefed, bringing the case to its present posture.

**Jurisdiction**

As this civil rights case is brought pursuant to section 1983, we have

jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original

jurisdiction of all civil actions arising under the Constitution, laws, or

treaties of the United States.").  We  have supplemental jurisdiction over

the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Standard of review**

3

This case is before the court pursuant to defendants' motion to dismiss for failure to state a claim upon which relief can be granted filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.   When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint is tested.  Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint.  Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation."  Id. at 234-35.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the

4

complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

As noted above, both Defendant Kwiatkowski and Defendant Dupont filed motions to dismiss.  We will discuss them separately beginning with Defendant Kwiatkowski.

**I.  Defendant Kwiatkowski's motion to dismiss**

Defendant Kwiatkowski moves to dismiss all the counts against him, Counts One, Two and Four.  We will address them in turn.

**A.  Count One First Amendment Retaliation**

Count One of the complaint alleges that Defendant Kwiatkowski filed charges against plaintiff without probable cause and did so in retaliation for

5

plaintiff's exercise of her First Amendment rights in complaining of David

Turkos behavior.  Defendant Kwiatkowski argues that probable cause

supported the charges against plaintiff and the existence of probable cause

is fatal to all of plaintiff's claims.  If probable cause did not exist, then

qualified immunity nonetheless shields him from liability.   Additionally,

defendant argues that plaintiff failed to properly plead a conspiracy.  We

will address these issues separately.

### 1.  Probable cause

To establish a first amendment retaliation claim, the plaintiff must

demonstrate the following three elements:  1) she engaged in protected

activity; 2) the defendants responded with retaliation; and 3) the protected

activity caused the retaliation.  Eichenlaub v. Twp. of Ind., 385 F.3d 274,

282 (3d Cir. 2004).   Additionally, in this case because the alleged

retaliation is the prosecution of criminal charges, plaintiff must allege an

absence of probable cause.  Hartman v. Moore, 547 U.S. 250, 265-66

(2006).

Here, the parties do not argue over whether plaintiff pled the first

three elements.  The defendant, rather, argues that probable cause existed

for the arrests even if the allegations of the complaint are presumed to be

6

true.  Therefore, she has failed to state a cause of action for which relief can be granted.  Plaintiff disagrees and argues that the defendant lacked probable cause.

The United States Supreme Court has explained "probable cause" as follows: "[T]he substance of all the definitions of probable cause is a reasonable ground for belief of guilt, and that the belief of guilt must be particularized with respect to the person to be searched or seized." Maryland v. Pringle, 540 U.S. 366, 371 (2003) (internal citations and quotation marks omitted).  "[T]he probable-cause standard is a practical, nontechnical conception that deals with the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Id. at 370 (internal citations and quotation marks omitted).  We note that "[g]enerally, the question of probable cause in a section 1983 damage suit is one for the jury."  Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir. 2000) (internal quotation marks and citations omitted).  Importantly, "[p]robable cause is determined by the **totality of the circumstances**."  Boatner v. Hinds, 137 F. App'x 499, 502 (3d Cir. 2005) (citing Illinois v. Gates, 462 U.S. 213, 233 (1983)) (emphasis added).

7

The law further provides that "the constitutional validity of an arrest does not depend on whether the suspect actually committed any crime." Wright v. City of Phila., 409 F.3d 595, 602 (3d Cir. 2005).   Additionally, an exculpatory defense, no matter how compelling, does not defeat already-present probable cause.  Davis v. Malitzki, 451 F. App'x 228, 234 (3d Cir. 2011) (citing Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997)).

We begin our discussion with a review of the elements of the crimes charged.  As noted above, Defendant Kwiatkowski charged plaintiff with tampering with public records or information, false report to law enforcement authorities and unsworn falsification to authorities:

> Tampering with public records or information:
>
> > (a) Offense defined. - a person commits an offense if he:
> > *                              *                         *
> > (2) makes, presents or uses any record, document or thing knowing it to be false, and with intent that it be taken as a genuine part of information or records referred to in paragraph (1) of this subsection. . . .
>
> 18 PA. CON. STAT. ANN. § 4911(a)(2).
>
> False report to law enforcement authorities
>
> > (A) falsely incriminating another.- . . . [A] person who knowingly gives false information to any

law enforcement officer with intent to implicate
another commits a misdemeanor of the second
degree.

18 PA. CONS. STAT. ANN. § 4906(a).

Unsworn falsification to authorities

(a) In general. - A person commits a
misdemeanor of the second degree if, with intent to
mislead a public servant in performing his official
function, he:
(1) makes any written false statement which
he does not believe to be true[.]

18 PA. CONS. STAT. ANN. § 4904(a)(1).

An element of all these crimes, is that the plaintiff had knowledge of

the falsity at issue or an intent to mislead.  Plaintiff argues that she did not

have such knowledge or intent and that the defendant was aware that she

did not have the knowledge.  Defendant Kwiatkowski argues that plaintiff in

fact concedes that the PFA she attempted to enforce against her former

spouse in May 2012 was not in effect at the time and had been vacated by

the county court.  Thus, she was incorrect in claiming that she had an

existing PFA when sought David Turkos' arrest at that time.  (See Compl.

¶¶ 53, 55-56).  Defendant argues that plaintiff's alleged lack of intent or

knowledge is in the nature of a defense and does not defeat probable

cause.

We find that making a determination of probable cause at this time is

inappropriate.  Even accepting the allegations of the complaint as true,

which we must at this stage of the proceedings, it is impossible to

determine the totality of the circumstances. The parties dispute the facts

and how they should be interpreted.  Without reviewing the totality of the

circumstance we cannot determine probable cause.  Thus, the defendant's

motion will be denied.

## 2.  Conspiracy

Count I of plaintiff's complaint is pled in terms of a conspiracy

between Defendant Kwiatkowski and Defendant Saranchuk to violate

plaintiff's First Amendment Rights.  (Doc. 1, Compl. ¶ 76).  Defendant

Kwiatkowski next challenges this conspiracy allegation.  Kwiatkowski

argues that the conspiracy claim cannot proceed because no factual basis

for it exists.  Defendant argues "[a] conspiracy claim fails if it does not

allege what the alleged conspiracy concerned, its object, any actions taken

in furtherance of the conspiracy, and the period of the conspiracy."  (Doc.

13-2, Def. Kwiatkowski's Brief at 8).  Defendant's argument lacks merit.

The conspiracy is sufficiently pled in the complaint.  The defendants

conspired to file charges against plaintiff for complaining about their co-

worker.  And it can be construed from the complaint that the time period for

the conspiracy was from on or about the time of filing charges against the

plaintiff right up through the prosecuting of the charges.  Accordingly, this

portion of the motion to dismiss will be denied.

### 3. Qualified immunity

Defendant Kwiatkowski's third issue is qualified immunity.  He argues

that even if probable cause did not exist for the arrest qualified immunity

shields him from liability.

Qualified immunity can serve as a defense to an individual defendant

accused of a civil rights violation.  See Hunter v. Bryant, 502 U.S. 224, 227

(1991). "A government official sued under § 1983 is entitled to qualified

immunity unless the official violated a statutory or constitutional right that

was clearly established at the time of the challenged conduct."  Carroll v.

Carman, - - U.S. - - , 135 S.Ct. 348, 350 (2014).   For a qualified immunity

analysis, therefore, the court must examine: 1) whether the officials

violated a constitutional right and 2) whether that right was clearly

established at the time.  Wright v. City of Phila., 409 F.3d 595, 599–600

(3d Cir. 2005) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

A legal right is "clearly established" where "its contours [are]

sufficiently clear that a reasonable official would understand that what he is

doing violates that right." <u>Anderson v. Creighton</u>, 483 U.S. 635, 640

(1987). "In other words, existing precedent must have placed the statutory

or constitutional question beyond debate.  This doctrine gives government

officials breathing room to make reasonable but mistaken judgments and

protects all but the plainly incompetent or those who knowingly violate the

law." <u>Carroll</u>, 135 S.Ct. at 350.

As with the probable cause determination, it is too early to determine

the qualified immunity issue in this case.  It would appear, based upon the

complaint's allegations, that the defense would not apply because bringing

unsupported retaliatory charges against someone violates a clearly

established constitutional right.  However, it is too early to determine the

facts of this case at this time.

**B.  Malicious Prosecution**

Count Two of plaintiff's complaint asserts a cause of action for

malicious prosecution against Defendants Saranchuk and Kwiatkowski.

(Doc. 1, Compl. ¶¶ 78-84).   Defendant Kwiatkowski moves to dismiss the

malicious prosecution claim for failure to state a cause of action upon

which relief may be granted.

The following four elements must be established to prove a state law

12

malicious prosecution claim:

>    (1) the defendants initiated a criminal proceeding;
>
>    (2) the criminal proceeding ended in plaintiff's favor;
>
>    (3) the proceeding was initiated without probable cause; and
>
>    (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice.

Hilfrity v. Shipman, 91 F.3d 573, 579 (3d Cir. 1996).

First, Defendant Kwiatkowski argues that plaintiff cannot establish the that proceeding was initiated without probable cause, therefore, the malicious prosecution claim should be dismissed.  As discussed above, however, we have found that at this point, we cannot determine as a matter of law that probable case was present.

Next, defendant argues that plaintiff cannot establish "malice".  The allegations of the complaint, however, if proven may be sufficient to establish malice.  Under Pennsylvania law, malice does not necessarily mean only "motives of hatred or ill will, but may consist of defendant's *reckless* and oppressive *disregard* of plaintiff's rights." Lippay v. Christos, 996 F.2d 1490, 1503 (3d Cir. 1993) (internal quotation marks and citations omitted).  "[M]alice can mean ill-will *or* the use of a prosecution for an extraneous purpose *or* a lack of belief in the guilt of the accused." Id.  A

13

part of the allegations is that the defendants brought the charges in retaliation for plaintiff's actions.  They sought to punish her and protect their co-worker.  Clearly, facts supporting a finding of malice have been alleged.

Lastly, defendant argues that the plaintiff cannot establish that plaintiff suffered a deprivation of liberty sufficient to support a malicious prosecution claim.  Plaintiff argues that she asserts a cause of action for malicious prosecution under state law, and that deprivation of liberty is not an element of malicious prosecution under Pennsylvania law.  After a careful review, we agree.

The complaint does not indicate that the malicious prosecution claim is pursued under section 1983 or any other federal law.  Thus, we will apply state law to this claim.[1]   As set forth above, no requirement exists that the plaintiff establish a deprivation of liberty to make out a state law malicious prosecution claim.  Accordingly, we reject the defendant's arguments and will deny the motion to dismiss the Count Two.

### C. Abuse of process

---

[1]Indeed, plaintiff's brief indicates that she pursues a state law malicious prosecution claim, rather than a federal claim.  (Doc. 15, Pl.'s Opposition Br. at 15-16).

Count Four of plaintiff's complaint asserts a cause of action for abuse of process.  Specifically, plaintiff alleges that Defendants Saranchuk and Kwiatkowski used criminal legal process against plaintiff for reasons other than to accomplish a purpose for which it was designed.  (Doc. 1, Compl. ¶ 89-90).

"Generally speaking, to recover under a theory of abuse of process, a plaintiff must show that the defendant used legal process against the plaintiff in a way that constituted a perversion of that process and caused harm to the plaintiff."  Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297 (3d Cir. 2003).  Defendant appears to argue that at best, plaintiff has a malicious prosecution claim.  An abuse of process claim will not stand where the process is used for the purpose for which it is intended, i.e. here, arresting the plaintiff for alleged crimes.  Additionally, defendant argues that merely continuing a case that was initiated with malice does not turn a malicious prosecution claim into an abuse of process claim.  Lastly, defendant argues that qualified immunity applies to this claim.

Aside from setting forth the law, defendant does not develop his arguments in his brief regarding these issues. Plaintiff has alleged,

15

however, that defendant used legal process against her not to seek justice and pursue a wrongdoer, but to protect the actual wrongdoer and to punish the plaintiff for seeking assistance.  We find, therefore, that she has properly alleged an abuse of process claim and its dismissal is not appropriate.

## II.  Defendant Dupont Borough

Defendant Dupont Borough (hereinafter "Dupont") filed the second motion to dismiss the complaint.   The motion raises two general issues that we will address separately.

### A.  Whether plaintiff has pled facts demonstrating that her constitutional rights were violated

Defendant Dupont Borough first argues that all of the plaintiff's claims are based upon the premise that probable cause for her arrest did not exist.  Probable cause did exist, according to Dupont, therefore all of plaintiff's claims fail.  As we discussed above, however, it is too early to determine, based upon a totality of the circumstances, whether probable cause existed or not.  Therefore, this portion of Defendant Dupont's motion to dismiss will be denied.

### B.  Dupont Policy

Defendant Dupont next argues that as a municipality it cannot be

held vicariously liable for the civil rights violations of its employees.

Defendant is correct to the extent that municipalities cannot be held

vicariously liable for the constitutional violations of its employees.  Monell v.

Dep't of Sec. Servs. of N.Y.C., 436 U.S. 658, 691 (1978).  Rather, a

municipality can only be held liable for a constitutional violation, caused by

the municipality's policy or custom.  Id. at 694.  This standard first

articulated in Monell, provides that "local governing bodies . . . can be sued

directly under § 1983 . . . where . . . the action that is alleged to be

unconstitutional implements or executes a policy statement, ordinance,

regulation, or decision officially adopted and promulgated by that body's

officers."  436 U.S. at 690. Thus, "[a] public entity . . . may be held liable for

the violation of a constitutional right under 42 U.S.C. § 1983 only when the

alleged unconstitutional action executes or implements policy or a decision

officially adopted or promulgated by those whose acts may fairly be said to

represent official policy."  Reitz v. County of Bucks, 125 F.3d 139, 144 (3d

Cir.1997).  Case law following Monell has delineated three ways in which a

17

municipality may be held liable for the constitutional torts of its employee:

> First, the municipality will be liable if its employee
> acted pursuant to a formal government policy or a
> standard operating procedure long accepted within
> the government entity, <u>Jett v. Dallas Independent
> School District</u>, 491 U.S. 701, 737, 109 S.Ct. 2702,
> 105 L.Ed.2d 598 (1989); second, liability will attach
> when the individual has policy making authority
> rendering his or her behavior an act of official
> government policy, <u>Pembaur v. City of Cincinnati</u>,
> 475 U.S. 469, 480–81, 106 S.Ct. 1292, 89 L.Ed.2d
> 452 (1986); third, the municipality will be liable if an
> official with authority has ratified the
> unconstitutional actions of a subordinate, rendering
> such behavior official for liability purposes, <u>City of
> St. Louis v. Praprotnik</u>, 485 U.S. 112, 127, 108
> S.Ct. 915, 99 L.Ed.2d 107 (1988).

<u>McGreevy v. Stroup</u>, 413 F.3d 359, 367 (3d Cir. 2005).

In the instant case, the complaint alleges that the policy at issue was a standard operating procedure that was long accepted to cover up for and protect current or former police officers' criminal behavior. (Doc. 1, Compl. ¶ 73). Thus, we find that plaintiff has sufficiently pled municipal liability.

**Conclusion**

After a careful review of the motions to dismiss, we find that neither motion should be granted. Plaintiff's complaint makes sufficient allegations against Defendant Kwiatkowski and it is too early to make a probable cause determination. Additionally, plaintiff has alleged a municipal policy

18

that may be sufficient to hold Defendant Dupont Borough liable.  Thus,

both motions will be denied.   An appropriate order follows.

**Date: June 3, 2015**                    **s/ James M. Munley**
                                          **JUDGE JAMES M. MUNLEY**
                                          **United States District Court**